IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:16-CR-085-D |
| VS. | § | |
| | § | |
| NORBERTO ERNESTO | § | |
| VILLAGRANA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Norberto Ernesto Villagrana ("Villagrana") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Villagrana pleaded guilty to the offense of convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). On June 6, 2017 the court sentenced him to 83 months' imprisonment to be followed by 3 years of supervised release. On November 1, 2021 Villagrana filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] The government responded to Villagrana's motion on November 10, 2021. On November 30 the court issued an order permitting Villagrana to file a reply to the government's response no later than December 28, 2021. Villagrana has not filed a reply, and his motion is now ripe for a decision.

II

Assuming *arguendo* that Villagrana's *pro se* motion should be construed to request relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, this ground of the motion is denied.[2]

> It is important to distinguish between the CARES Act, on the one hand, and [18 U.S.C.] § 3582 as amended by the First Step Act on the other. The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population. The CARES Act expanded the [Bureau of Prisons' ("BOP's")] authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.

*United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020).

But neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement. "The [BOP] has the sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 Fed. Appx. 278, 279 (5th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)) (holding that prisoner had not "shown a ground for reversal based on the district court's determination that it lacked the authority to order that he serve the remainder of his sentence of imprisonment under home confinement.").

---

[2]Although Villagrana does not specifically seek relief under the CARES Act, some of the relief he seeks—home confinement—is only available under 18 U.S.C. § 3624(c)(2), as expanded by the CARES Act. In contrast, 18 U.S.C. § 3582(c)(1)(A) permits the court to reduce the term of imprisonment and impose a term of probation or supervised release, with or without conditions, when certain prerequisites are met.

Accordingly, the court denies Villagrana's motion to the extent (if he does) that he seeks relief under the CARES Act.

## III

To the extent Villagrana's *pro se* motion requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the court denies the motion for the reasons that follow.

## A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).  Of course, it is now well settled that "neither the policy statement" of the Sentencing

---

[3]Villagrana states that "[o]ver thirty days have passed since Villagrana petitioned Warden K. Bennett for compassionate release." D. Mot. 1.  He attaches as an exhibit to his motion a copy of a September 14, 2021 letter denying his request for a reduction in sentence. The court will assume *arguendo*, based on Villagrana's representations and supporting evidence, that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.

In support of his motion, Villagrana contends, *inter alia*, that he contracted COVID-19 in July of 2020 and that although he is listed as recovered, he suffers from symptoms of "Long COVID"; that he suffers from chronic asthma/COPD, Type 2 diabetes, and obesity, "all of which are chronic conditions and that he is unable to engage in self-care because his im[p]risonment prevents him from doing the one thing (social distancing) that he can do to keep from contracting COVID-19 again," D. Mot. 2; that his chronic medical conditions can increase his risk of serious illness or death if he contracts COVID-19 again; that although he has already contracted COVID-19 and has received both doses of the Moderna vaccine, these facts "do[] not completely eliminate the threat posed by COVID-19 to his future health and well-being," *id.* at 2-3; that he is suffering from Long COVID and is experiencing shortness of breath, difficulty breathing, fatigue, increased anxiety, and depression; that any immunity that he had to COVID-19 from his infection or the vaccine has expired as it has been over a year since these events; that the BOP is not able to properly treat his chronic asthma/COPD because of the COVID-19 pandemic; that he is not able to use an albuterol nebulizer or inhaler

- 4 -

and "[t]he BOP's excessive use of steroids and negligence in not performing labs on [him] has resulted in [his] diabetes," *id.* at 5; and that the BOP's inability to effectively and properly treat his chronic asthma/COPD has resulted in him serving a sentence far more laborious than other inmates experience in serving their sentences.

In light of the court's decision below that, considering the § 3553(a) factors, Villagrana should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from

further crimes of the defendant[.]"   "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Villagrana is currently serving an 83-month sentence for committing a serious federal offense involving a firearm.  At the time of sentencing, he fell into criminal history category IV as a result of multiple prior adult convictions, including for possession of controlled substances.  Villagrana's projected release date is September 10, 2022, and he is currently assigned to a minimum security federal prison camp.  Although it appears that Villagrana is just months away from being released, it would still minimize the seriousness of his crime if the court reduced his sentence.  And a sentence reduction would not protect the public or afford adequate deterrence to criminal conduct for the period that Villagrana is scheduled to remain in custody.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Villagrana is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion

when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\*   \*   \*

Accordingly, for the reasons explained, the court denies Villagrana's November 1, 2021 motion for compassionate release.

**SO ORDERED**.

January 6, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE